## PROSECUTION AGAINST OWNER OF BUILDING ENCROACHING ON STREET.

Common Pleas Court of Franklin County.

C. C. PHILBRICK v. THE STATE OF OHIO.*

Decided, March 18, 1909.

*Buildings—Projection of, into Street—Prosecution of Owner—Abutters Can Obtain no Rights in Street by Prescription—Estoppel—Evidence as to the Position of Other Structures—Monuments.*

In a prosecution for allowing a building to project into the street, it is not error to exclude evidence as to the similar position of other structures, offered for the purpose of showing the true boundary line, when there are monuments in existence, probably erected in accordance with the original survey and plat, from which the line can be determined.

*Addison, Sinks & Babcock*, for plaintiff in error.
*Marshal, Weinland & Hoover*, contra.

BIGGER, J.

This case comes into this court by petition in error from the judgment of the police court. The defendant below was found guilty of obstructing East Broad street in this city with a building projecting into the street upon the north side.

---

* Dismissed by the Supreme Court for want of preparation, November 18, 1908.

Very elaborate briefs have been filed and a great multitude of cases cited pro and con upon the questions raised. I have read these briefs very carefully. To take these questions up and discuss them at length would require too much time. Suffice it to say that the answers made by the city to the various contentions of counsel representing the plaintiff in error are, in my opinion, a sufficient answer to the contentions made, except as to one question, and that is not really answered by counsel for the city. That is the question as to whether or not the court below erred in excluding evidence touching the position of other buildings upon the north side of Broad street in the vicinity of the building in question.

Upon the trial of the action brought in this court by the city to restrain the plaintiff in error from maintaining this structure and which was decided adversely to this plaintiff in error, the court admitted the evidence as to the position of these other structures. The city did object to it at the time, but it was passed upon without any argument, the statement being made, as the court understood the rule in such cases, it was competent to show the location of any such structures, upon the question of the true boundary lines of Broad street.

A somewhat careful and extensive investigation has failed to disclose any case which can be said to be a controlling authority upon this question. It is an established principle of law that abutters do not obtain rights by prescription to maintain such structures which encroach upon the streets of a municipality.

It is true in the old case of *City of Cincinnati* v. *Evans*, it was held that title may be acquired in this way, but there have been so many decisions since that distinguish it, that it must be considered in so far as the doctrine announced in that case was concerned to be practically overruled. It has since been held that while the decision was correct, the reasons assigned for it should have been that of estoppel rather than title by prescription, but that could only give title to those who had so occupied, even if that still be the doctrine upon that question, and it would not give the right to others than those who had so occupied. But it still leaves the question as to whether or not such structures are of any force as evidence as to the true lines or boundaries of Broad street:

It is an established principle that when monuments are once established, located in accordance with the original survey and plat, that they must be given controlling effect. Now, in this case it appears that the recorded plat of the city of Columbus was long ago destroyed by fire. It is in evidence that 'the State House grounds have monuments marking the northwest and northeast corners which are of stone, having a copper plug in the top, and those have stood there, according to the testimony of Mr. Bowen, as long as his memory extends back, which is to about 1853 or 1854.

On considering the nature of those monuments and their office as marking the north line of the State House grounds, it seems to me that they must be received and given controlling effct as marking the south line of Broad street, which is the north line of the State House grounds. If anything in the city or in the state can be taken to be fixed and established it seems to me these corners must be so considered, and undoubtedly that was the view of the court below. The public is not estopped to claim its right in the street because a few persons may have encroached upon it.

This evidence was admitted here as I have said, upon the trial of the civil suit, but was not considered to be of any force and effect as controlling the fixed monuments located upon the south side of Broad street. If that was the view of the court below I can not say it was in error in so ruling, as that was the result which I arrived at after considering the evidence in the case in this court.

I am not at all clear, to say the least, that the court below was in error in excluding this evidence.

The judgment of the court below will therefore be affirmed.